THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT COAGAN, Defendant-Appellee.

(No. 70-292; ▮▮▮▮▮▮▮▮▮▮)

Second District—October 1, 1971.

438

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Edward M. Genson and Bernard Brody, both of Chicago, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Robert Coagan, was charged with knowingly and unlawfully selling to one Bobby Hall a quantity of amobarbital and secobarbital on May 11, 1970, otherwise than as authorized in the Drug Abuse Control Act and in violation of section 802(b) thereof (Ill. Rev. Stat. 1969, ch. 111½, par. 802.) The defendant filed a motion to dismiss the complaint on the grounds that the complaint did not charge an offense under that statute. The trial judge granted the motion to dismiss the complaint, and this appeal by the State followed.

The motion to dismiss the complaint, and a memorandum of law in support thereof, in essence alleged that the defendant was a licensed apprentice pharmacist and employed by a drug store in Hinsdale, Illinois, and stated that the sole issue involved relates to the necessity of a pharmacy having a prescription in order to regularly dispense depressant or stimulant drugs under the Act. (Ill. Rev. Stat. 1969, ch. 111½, par. 802.) The motion further alleged, after reciting the provisions of various paragraphs of that statute, that there is no requirement that a pharmacy receive a prescription prior to the time there is a dispensing of any stimulant or depressant drug.

The court filed a written memorandum when it dismissed the charges filed against the defendant, and said that it had read the motion and the statutes, heard the arguments and checked out section 417 of the Public Health Statute and section 22—18 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—18), wherein the legislature had said in plain language that certain drugs could only be sold upon written prescription and had concluded that "there is not present in the new Drug Abuse Control Act unequivocal, plain and direct language which compels a depressant or stimulant drug as defined in the definitions to be dispensed by a Pharmacy pursuant to a written prescription * * * that if the legislature meant for a Pharmacy to secure a pre-

scription before there was any dispensing of a depressant or stimulant drug, it could have said so with the same ease that it said so in Chapter 38, Section 22-18 and Chapter 111½, Section 417." We note that section 417, referred to by the court, had been repealed and was not in effect at the time of the offense. That section was replaced by section 516 (Ill. Rev. Stat. 1969, ch. 56½, par. 516), which states that certain drugs be dispensed only upon prescription.

The pertinent statutory provisions of the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 111½, pars. 801 through 812) are as follows:

"802. Prohibited acts. § 2. The following acts and the causing thereof are prohibited:

(b) The sale, delivery, administering, inducing another person to use or other disposition of a drug in violation of Section 7(b).

807. * * * (a) No person shall manufacture, compound or process in this State any depressant or stimulant drug, except that this prohibition does *not* apply to the following *persons* whose activities in connection with any drug are solely as specified in this subsection:

(7) Pharmacists dispensing depressant or stimulant drugs pursuant to a prescription, order or other direction of a practitioner licensed by law in this State to administer depressant or stimulant drugs. This exception does not apply if the prescription, order or other direction is known by the pharmacist to be fraudulent.

(9) An employee or agent of any person described in paragraph (1) through paragraph (7) of this subsection and a nurse or other medical technician under the supervision of a practitioner licensed by law in this State to administer depressant or stimulant drugs, *while such employee, nurse or medical technician is acting in the course of his employment or occupation and not on his own account.*

(b) No person other than:

(1) A *person* described in subsection (a) while such person is acting in the ordinary or authorized course of his business, profession, occupation or employment, * * *" Emphasis added.

■ While the provisions of the Drug Abuse Control Act are somewhat complicated, by referring from one section to another, we can conclude the following:

"No person other than:

Pharmacists dispensing depressant or stimulant drugs pursuant to a prescription, order or other direction of a practitioner licensed by law in this State to administer depressant or stimulant drugs.

* * * While such person is acting in the ordinary or authorized course of his business, profession, occupation or employment, * * *

* * * shall sell, deliver, administer or otherwise dispose of any

depressant or stimulant drug or counterfeit drug to any other person or induce any other person to use any such drug."
and that an employee or an agent of a person exempted is exempted also under section (9):
"* * * while such employee, nurse or medical technician is acting in the course of his employment or occupation and not on his own account."

The motion to dismiss the complaint was filed pursuant to section 114—1(a)(8) (Ill. Rev. Stat. 1969, ch. 38, par. 114—1), which applies to motions to dismiss for the specific reason that "the charge does not state an offense."

■■ The defendant is charged as a "person" under the Drug Abuse Control Act, which makes it unlawful for any person not exempted to sell a depressant or stimulant drug to any other person. It does appear, therefore, that although the statute is somewhat complicated, nevertheless, upon reading the necessary sections in conjunction with each other, the complaint does state an offense. The unverified motion of the defendant to dismiss the complaint states that he is a licensed apprentice pharmacist, employed in a drug store in Hinsdale, Illinois, yet it is difficult to follow the argument of the defendant that a pharmacist must obtain a prescription but that an apprentice pharmacist need not obtain a prescription because he is an employee of a Pharmacy and, therefore, he can sell the prohibited drugs without a valid prescription. Pharmacies are exempted from prosecution under this Act only if they "maintain their establishments in conformance with State and local laws regulating the practice of pharmacy and medicine which are regularly engaged in dispensing drugs upon prescriptions of practitioners licensed in this State * * *," as stated in section 807(a)(4). (Ill. Rev. Stat. 1969, ch. 111½, par. 807.) The Drug Abuse Control Act is not vague and thus, not unconstitutional. The alleged sale of the drugs involved is prohibited without obtaining a prescription therefor.

■ The defendant is charged as a "person" and not as a licensed apprentice pharmacist. The fact that he is a licensed apprentice pharmacist does not exempt him from a violation of the Act under the requirement of section 807 (b) (1), for that section requires that a person to be exempted must, under subsection (a), be "acting in the ordinary or authorized course of his business, profession, occupation or employment." Furthermore, an employee or an agent of a person exempted is exempted only if under section 807 (a) (9) he "is acting in the course of his employment or occupation and not on his own account." Even though we accept the statement in the defendant's motion that he is "a licensed apprentice pharmacist" as admitted, he is an exempted person under

the Act only if at the time he made the sale he had received a valid prescription, was acting in the ordinary or authorized course of his employment, and not on his own account. The allegation of the complaint is that the sale was made otherwise than as authorized in the Drug Abuse Control Act. It is clear from the defendant's motion that he does not contend that he had received a valid prescription prior to selling the prohibited drug. If the defendant believes that the complaint does not allege sufficient facts for him to prepare a defense thereto, he can file a motion for a Bill of Particulars pursuant to section 114—2 Ill. Rev. Stat. 1969, ch. 38, par. 114—2.

■ It is apparent that the legislature, in enacting the Drug Abuse Control Act, intended to control the distribution of dangerous drugs so that they are only distributed or sold by authorized persons acting in the authorized course of their employment, and to persons presenting a valid prescription.

Accordingly, the judgment of the trial court dismissing the complaint is reversed, and the case is remanded for further proceedings consistent with the opinions expressed herein.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.